UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL C.W. HARRISON,

    Plaintiff,

v.

TIM McCOY *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-969-DRL-MGG

OPINION AND ORDER

Daniel C. W. Harrison, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Harrison is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Harrison alleges that in the summer of 2021, his brother, Arsenio Harrison, robbed a cell phone store. He claims that once Arsenio was caught, he falsely told police that Mr. Harrison aided him with the robbery by serving as the getaway driver. Police

came to Mr. Harrison's home on July 1, 2021—allegedly without a search warrant—and searched through his belongings. Although they allegedly did not find anything, they nevertheless sought and obtained an arrest warrant charging him with aiding in a robbery. He claims law enforcement made a "false statement" in the affidavit submitted to the judge to obtain the arrest warrant. He was held at the St. Joseph County Jail for several months on the charge. He claims, and public records confirm, that the charge was dismissed upon the motion of the prosecutor in August 2021. *See State v. Harrison*, 71D01-2107-F3-00031 (St. Joseph Sup. Ct. closed Aug. 17, 2021).

Mr. Harrison further claims that while he was at the St. Joseph County Jail awaiting a resolution of the case, he was questioned by Officer Tim McCoy[1] about other crimes he allegedly "knew nothing about." He claims that a few months after his release on the first charge, he was arrested again and charged with committing another robbery. *See State v. Harrison*, 71D08-2112-F3-00056 (St. Joseph Sup. Ct. closed Mar. 14, 2022). He claims that "law enforcement lied in the probable cause affidavit" submitted to the judge to obtain the arrest warrant. The public docket reflects that the second case was also recently dismissed upon the motion of the prosecutor a few days prior to the scheduled trial date. *Id.*

In this lawsuit, Mr. Harrison seeks monetary damages for the allegedly unlawful search of his home, his arrests, and the time he spent in jail on both charges. He names as

---

[1] He does not clearly identify which police agency Officer McCoy works for. He names other officers who are members of the South Bend Police Department and the Mishawaka Police Department.

defendants Officer McCoy and seven other police officers, as well as the prosecutor assigned to the first case.

The Fourth Amendment provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., amend. IV. The Fourth Amendment prohibits the warrantless entry into an individual's home to conduct a search absent exigent circumstances, the owner's consent, or some other recognized exception. *Gaetjens v. City of Loves Park*, 4 F.4th 487, 491 (7th Cir. 2021). Likewise, the Fourth Amendment protects individuals from an arrest without probable cause. *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 354 (citation omitted). Law enforcement cannot make a warrantless entry into a suspect's home to effect an arrest absent exigent circumstances or another exception. *United States v. Velazquez*, 906 F.3d 554, 556 (7th Cir. 2018).

When a law enforcement officer, acting in good faith, obtains a warrant and acts within its scope, he is shielded from liability. *Knox v. Smith*, 342 F.3d 651, 657-58 (7th Cir. 2003); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). However, "a facially valid warrant

3

will immunize only the officer who acted in an objectively reasonable manner[.]" *Olson*, 771 F.2d at 281. Thus, if an officer submits an affidavit "that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, not only is his conduct the active cause of the illegal arrest, but he cannot be said to have acted in an objectively reasonable manner." *Id.*

Mr. Harrison's allegations about the officers allegedly conducting a warrantless search of his home and lying in affidavits used to obtain arrest warrants could give rise to Fourth Amendment concerns.[2] However, he does not provide enough detail about what each officer did for the court to infer plausibly that any of them violated his Fourth Amendment rights. Instead, his allegations are quite general. He alleges that "police" entered his home without a warrant on July 1, 2021, and that "a false statement knowingly and intentionally . . was included by the affiant in the warrant affidavit," without identifying who the affiant was. As to the second case, he states that Officer McCoy interviewed him at the jail, but merely interviewing him would not violate the Constitution, and it is not clear that he is claiming Officer McCoy was the one who lied

---

[2] The court notes that Mr. Harrison labels one of his claims as being brought for "malicious prosecution," but "'malicious prosecution' is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention. The problem is the wrongful custody. There is no such thing as a constitutional right not to be prosecuted without probable cause. But there is a constitutional right not to be held in custody without probable cause." *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018). The court understands Mr. Harrison to be seeking damages for his pretrial incarceration at the jail, which would be governed by the Fourth Amendment.

in the probable cause affidavit. Instead, he alleges that it was "law enforcement" who lied.

Liability under 42 U.S.C. § 1983 is based on personal involvement, *Mitchell v. Kallas*, 895 F.3d 492 (7th Cir. 2018), and Mr. Harrison's general references to actions taken by "law enforcement" or "police" are not sufficient to put each defendant on notice of how he or she allegedly violated Mr. Harrison's constitutional rights. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific illegal acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). Nor does he explain which statements contained in the affidavits were false or provide other details for the court to plausibly infer that the officers engaged in wrongful conduct. Even giving his allegations liberal construction, he has not alleged a plausible Fourth Amendment claim against any of the police officers.

As to the prosecutor, he claims that she violated his rights in pursuing the charge.[3] "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).

---

[3] His allegations regarding the prosecutor are confusing, as he claims that she "violated my Eleventh Amendment" rights. (ECF 1 at 6.) The Eleventh Amendment pertains to the sovereign immunity of states, and not to any personal right of the accused. Giving his allegations liberal construction, the court understands him to be claiming that the prosecutor should not have pursued the charge against him based on the evidence.

5

This is true even if Mr. Harrison believes that there was no basis for the charge. *Imbler*, 424 U.S. at 431; *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). He cannot proceed with his claim against the prosecutor.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **May 9, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

April 4, 2022         *s/ Damon R. Leichty*
                      Judge, United States District Court